

**Seyfarth Shaw LLP**
975 F Street, N.W.
Washington, DC 20004-1454
T (202) 463-2400
F (202) 828-5393

jnewland@seyfarth.com
T (202) 828-3550

www.seyfarth.com

October 15, 2021

John Thornton
do Campo & Thornton, P.A.
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131

Re:   John Does 1 Through 7 v. The Taliban, et al.
      Misc. Action No. 1:21-MC-00110

Dear Mr. Thornton:

I have your clients' motion ("Motion") seeking entry of a judgment against the International Monetary Fund ("Fund") based on a Writ of Attachment on Judgment Other Than Wages, Salary and Commissions ("Writ") purportedly issued to the Fund. The Fund is absolutely immune from this garnishment proceeding and has not been (and cannot be) served with the Writ or the Motion. Please withdraw both.

The Fund's Articles of Agreement, a treaty executed by the United States[1] and given full force and effect by statute, grant the Fund absolute immunity from judicial process in the courts of the United States:

> *Immunity from judicial process.* The Fund, its property and its assets, wherever located and by whomsoever held, shall enjoy immunity from every form of judicial process except to the extent that it expressly waives its immunity for the purpose of any proceedings or by the terms of any contract.

Art. IX, Section 3; 22 U.S.C. § 286h (giving this immunity provision, and several others, "full force and effect in the United States"). This heightened immunity permits courts to exercise jurisdiction over cases involving the Fund <u>only</u> when the Fund has "expressly waive[d]" its immunity.

The United States District Court for the District of Columbia and the District of Columbia Circuit (and others) have repeatedly recognized that the Articles of Agreement and the Bretton Woods Agreements Act render the IMF absolutely immune from suit absent an express waiver, thereby depriving courts of subject-matter jurisdiction. The IMF enjoys absolute immunity that is broader than granted under the International Organizations Immunities Act (or by extension the Foreign Sovereign Immunities Act). *Jam v. Int'l Fin. Corp.*, 139 S. Ct. 759, 771–72 (2019) *accord Jam*,

---

[1] *See* 60 Stat. 1401; 2 UNTS 39. For your reference, a current version of the Fund's Articles of Agreement is available here: http://www.imf.org/external/pubs/ft/aa/index.htm.



John Thornton
October 15, 2021
Page 2

139 S. Ct. at 777 (Breyer, J., dissenting) ("Congress enacted a separate statute [Bretton Woods Agreements Act] providing [the IMF] with immunity (absent waiver) in all cases").The Fund's immunity "shields [it] not only from the consequences of litigation's results but also from the burden of defending . . . ." *Nyambal v. Int'l Monetary Fund*, 772 F.3d 277, 280–81 (D.C. Cir. 2014); (Stoll v. Liuksila, No. PS 3346-097F (D.C. Super. Ct. Sept. 30, 2003) (IMF did not waive immunity for purposes of garnishment proceeding).

The Fund's immunity also makes it immune from service of process. *See Garcia v. Sebelius*, 919 F. Supp. 2d 43, 46 (D.D.C. 2013).  And as a separate matter, your clients' papers do not establish service of process even if the Fund was subject to the service of process.

The Fund's Articles of Agreement render it immune from this garnishment proceeding. The Fund has not waived its immunity for purposes of the Writ or any other component of this action. As such, the Writ cannot legally be issued against (or served on) the Fund, and the United States District Court for the District of Columbia lacks subject-matter jurisdiction to enter the judgment your Motion seeks. Please withdraw the Writ and the Motion immediately.

Please feel free to contact me if you have any questions regarding this letter.

Very truly yours,

SEYFARTH SHAW LLP

James Newland