IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOES 1 THROUGH 7,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE TALIBAN, AL-QAEDA, and<br>THE HAQQANI NETWORK,<br><br>      Defendants. | Misc. Action No. 1:21-mc-00110-DLF |

**OPPOSITION TO**
**PLAINTIFFS' MOTION TO FILE SURREPLY**

      The International Monetary Fund, specially appearing, files this Opposition to Plaintiffs' motion for leave to file a surreply in response to the Fund's Motion to Quash.

      Whether to permit a sur-reply is within the Court's discretion, "but surreplies are generally disfavored." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 93 (D.D.C. 2017). Plaintiffs' motion should be denied because the Fund's reply presented no new matter that Plaintiffs could not have addressed in their opposition.

      The Fund moved to quash based on its absolute judicial immunity under its Articles of Agreement, the BWAA, *Jam*, and *Nyambal*. DE 14, 14-1. In its motion, the Fund also tried to anticipate Plaintiffs' arguments about the effect of a separate statute (TRIA) on the Fund's absolute immunity from every form of judicial process. DE 14-1, pp. 8-11. Because the issue was appropriately teed up in the Fund's motion, it was Plaintiffs' obligation to adequately address the legal framework and case law purportedly supporting their argument that TRIA overrides the

Fund's absolute immunity. Instead, Plaintiffs cited a meager two cases[1] for the proposition that TRIA overrides all other immunities, including the immunities established by the Articles of Agreement and the BWAA, because TRIA was enacted later in time. DE 20, p. 10. In reply, the Fund explained that *Weininger*'s last-in-time rule cannot be automatically applied because the "clear statement" rule instructs courts to, where possible, avoid conflicts between statutes and international agreements. DE 23, pp. 12-15. Thus, rather than raising a new issue, the Fund responded to Plaintiffs' assertion that TRIA conflicted with (and necessarily overrode) the Articles of Agreement and the BWAA because it was enacted later-in-time.

In light of the above, Plaintiffs' suggestion that the Fund "back-loaded" its briefing with new matter is patently incorrect. *Shea v. Clinton*, 2012 WL 13075787, at *1 (D.D.C. Dec. 7, 2012) ("Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate."); *United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) ("The matter must be truly new" for surreply to be permitted).

Nor should Plaintiffs be rewarded for their failure to address the relevant authorities in their opposition by receiving the last word via a sur-reply. While the Fund tried to address Plaintiff's anticipated arguments, the burden was on Plaintiffs—not the Fund—to establish subject matter jurisdiction and provide all relevant authorities in their opposition, including any authorities addressing whether TRIA could clear the "clear statement" hurdle. Having failed to do so, Plaintiffs should not now be permitted to file more briefing. *Baroid Corp.*, 346 F. Supp. 2d at 144 ("That [party] failed to put forth its best case in its opposition is not grounds for permitting a surreply."). It is Plaintiffs who are "backloading" their briefing by trying to have the

---

[1] DE 20, p. 10 (citing *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) and *United States v. Holy Land Found. For Relief & Dev.*, 445 F.3d 771, 787 (5th Cir. 2006)).

last word on the authorities—a strategy that prejudices the Fund because it cannot respond to Plaintiffs' mischaracterization of the Fund's arguments without leave of the Court.

In sum, the Court should deny Plaintiffs' motion because Plaintiffs meet none of the criteria for filing a surreply. Alternatively, if the Court grants the motion, the Fund requests permission to file a short response limited to the issues raised in the surreply.

December 17, 2021

James R. Newland, Jr. (DC Bar No. 477804)
Bret C. Marfut (DC Bar No. 888144675)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
Telephone: (202) 463-2400
Facsimile:  (202) 828-5393
jnewland@seyfarth.com
bmarfut@seyfarth.com

*Attorneys for the International Monetary Fund, Appearing Specially*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, this document was filed with the Clerk of the Court and served through the Court's ECF system which provided automatic service upon all counsel of record.

/s/ James R. Newland
James R. Newland

78064595v.1

1